IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LAUREN WALLIS,<br><br>Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC. *et al*.<br><br>Defendants. | PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT NUNC PRO TUNC<br><br>Case No.: 1:19-cv-00148 BSJ<br><br>US District Judge Bruce S. Jenkins |

## PLAINTIFF'S UNOPPOSED MOTION TO FILE AMENDED COMPLAINT NUNC PRO TUNC

Plaintiff Lauren Wallis, by and through her counsel of record, hereby moves this Honorable Court to grant her Unopposed Motion to File Amended Complaint Nunc Pro Tunc in accordance with the Court's Order dated April 13, 2020.

Dated: May 27, 2020        By:    /s/ Kara D. Hill
                                   Tobias Millrood, Esquire
                                   Kara D. Hill, Esquire
                                   POGUST MILLROOD, LLC
                                   161 Washington Street, Suite 940
                                   Conshohocken, PA  19428
                                   tmillrood@pogustmillrood.com
                                   khill@pogustmillrood.com
                                   610-941-4204

                                   Tim Clark, Esquire
                                   Lauren Welling, Esquire
                                   100 Garden City Plaza, Suite 500
                                   Garden City, NY 11530
                                   Phone:  516-741-5600

                                   *Attorneys*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LAUREN WALLIS,<br><br>Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC. *et al*.<br><br>Defendants. | PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO FILE AMENDED COMPLAINT NUNC PRO TUNC<br><br>Case No.: 1:19-cv-00148 BSJ<br><br>US District Judge Bruce S. Jenkins |

## **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER UNOPPOSED MOTION TO FILE AMENDED COMPLAINT NUNC PRO TUNC**

Plaintiff Lauren Wallis, by and through her counsel of record, hereby moves this Honorable Court to grant her Unopposed Motion to File Amended Complaint Nunc Pro Tunc in accordance with the Court's Order dated April 13, 2020. In support thereof Plaintiff asserts the following:

### **I.      PROCEDURAL POSTURE**

Plaintiff Lauren Wallis commenced this action by filing her Complaint in State Court in the Philadelphia Court of Common Pleas on March 8, 2018. The Complaint named the following as defendants: Teva Pharmaceuticals USA, Inc., Teva Women's Health, Inc., Teva Branded Pharmaceutical Products R&D, Inc., The Cooper Companies, Inc., and CooperSurgical, Inc. Plaintiff alleged the following causes of action: (1) Strict Liability Manufacturing Defect; (2) Strict Liability Design Defect; (3) Strict Liability Failure to Warn; (4) Negligence; (5) Common Law Fraud; (6) Negligent Misrepresentation; (7) Negligent Infliction of Emotional Distress; (8) Breach

of Express Warranty; (9) Breach of Implied Warranty; (10) Violation of Consumer Protection Laws; (11) Gross Negligence; and (12) Punitive Damages. Plaintiff sufficiently pleaded her allegations in accordance with the Pennsylvania Local Rules of Civil Procedure. On September 14, 2018, Defendants removed this action to the United States District Court for Eastern District of Pennsylvania. This action, along with ten other cases, was informally consolidated for limited discovery relating to issues on remand and venue. On November 18, 2019, Teva Pharmaceuticals USA, Inc., and Teva Pharmaceuticals Branded R&D, Inc., were dismissed from this case and this case was transferred to the United States District Court for the District of Utah.

At the time of transfer to this Court, Defendants had a pending Motion for Judgment on the Pleadings as to The Cooper Companies, Inc., and CooperSurgical, Inc., hereafter referred to as the "Cooper Defendants". Plaintiff filed a motion in opposition and sought leave to file an Amended Complaint. On April 13, 2020, this Honorable Court granted defendants motion and permitted Plaintiff twenty days to amend her complaint. In accordance with this Court's Order of April 13, 2020, Plaintiff's undersigned counsel timely prepared and submitted the Amended Complaint to be filed by Plaintiff's local Utah counsel on May 4, 2020. Plaintiff and her local Utah counsel attempted to file timely and indeed Plaintiff's counsel all believed that the Amended Complaint was filed on May 4, 2020.

On May 26, 2020 Plaintiff's counsel attended a telephonic status conference with this Court. At this time, defense counsel announced that the only remaining defendant in the case was Defendant Teva Women's Health. Plaintiff's counsel responded that there was more than one defendant as the Cooper Defendants remained in the case. It was not until this time that Plaintiff's counsel came to the understanding from both defense counsel and this Court that no Amended Complaint was docketed in the case. Immediately subsequent to the telephonic status conference,

4

Plaintiff's counsel discovered for the first time that the Amended Complaint did not process through the electronic filing system on May 4, 2020. Upon extensive review, Plaintiff discovered that while the electronic filing system had been logged into with the intent to file the Amended Complaint, something occurred resulting in the Amended Complaint not being filed. Plaintiff has attached a Declaration from Nancy Mismash, Esquire., of Robert J. DeBry & Associates, who is acting as local counsel for Plaintiff. The Declaration more fully describes the events leading up to the failed attempt to file the Amended Complaint. *Declaration of Nancy Mishmash, Esquire* is attached hereto as Exhibit "A". Plaintiff has also attached a report from Ms. Mishmash's IT department showing that the electronic filing database for the District of Utah was accessed on May 4, 2020. *See a copy of the IT Document* attached hereto as Exhibit "B". Finally, Plaintiff has attached a string of emails from undersigned counsel to local Utah counsel discussing and confirming that the Amended Complaint was filed. *See Emails* attached hereto as Exhibit "C". Plaintiff has attached the proposed Amended Complaint to this motion for the Court's review. *See Plaintiffs' First Amended Complaint* attached hereto as Exhibit "D". Plaintiff's counsel met and conferred with Defendants' counsel on numerous times on May 26, 2020 and May 27, 2020 to discuss the instant motion. Counsel for Defendants has stated while they have significant disagreements with statements made by Plaintiff in this Memorandum, he has authorized me to state that Defendants do not oppose this motion but reserve their rights to move against or otherwise plead to the Amended Complaint if the within motion is granted.

    Plaintiff and her counsel believed in good faith that the Amended Complaint had been timely filed on May 4, 2020. It was not until May 26, 2020, that Plaintiff through her counsel realized that the Amended Complaint had not been filed. Plaintiff has no intention whatsoever to delay these proceedings and respectfully contends that this excusable neglect and administrative

error has not delayed these proceedings or frustrated the schedule of this Honorable Court. To that end, upon learning of this misunderstanding and error, Plaintiff filed this Motion almost immediately. For the reasons enumerated herein Plaintiff moves for an extension of time pursuant to Fed. Rule Civ. Pro. 6(b)(1)(B) to file her Amended Complaint.

## II. CONTROLLING LAW
### a. This Court has Discretion to Grant a Motion for Enlargement of Time Due to Excusable Error.

The Supreme Court previously held that "by empowering the courts to accept late filings where the failure to act was the result of excusable neglect … Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 1495 (1993). Further, it is well within this Honorable Court's discretion to grant Plaintiffs Motion to allow her to file the Amended Complaint. This Court has previously held that if it is in the interest of justice and judicial economy, an untimely filed brief or other document may be accepted. *Figgins v. United States Citizenship & Immigration Servs. United States Dep't of Homeland Sec.*, No. 1:05-CV-107 TS, 2006 U.S. Dist. LEXIS 28734, at *8 (D. Utah May 8, 2006).

Here, inadvertence and mistake are present. Plaintiff for all intents and purposes believed that the Amended Complaint had been timely filed on May 4, 2020. *See* Exhibits "A" and "C". While Plaintiff acknowledges that the deadline to file the Amended Complaint was May 4, 2020, she respectfully requests that this Honorable Court look past her counsel's excusable neglect and permit the filing of the Amended Complaint.

## III. ARGUMENT

### a. Plaintiff Should Be Permitted to File Her Amended Complaint Even Though it is Untimely Because of Excusable Neglect.

Pursuant to Fed. R. Civ. Pro. 6(b)(1)(B), on a motion and for good cause shown a court may extend the time to file a pleading or document " … on motion made after the time has expired if the party failed to act because of excusable neglect." *Fed.R.Civ.Pro. 6(b)(1)(B)*. Here, Plaintiff asserts that an error of excusable neglect resulted in her failure to file her first Amended Complaint by the court ordered May 4, 2020 deadline. While Plaintiff made every attempt to timely file the Amended Complaint by the court-ordered May 4, 2020, deadline, an administrative error resulted in a failure of the Amended Complaint being filed. This type of error is expressly accounted for under Fed. Rule Civ. Pro. 6(b)(1)(B), which outlines that a court may extend the time to file a motion, pleading or otherwise beyond the deadline if the failed attempt is due to excusable neglect. Plaintiff asserts that the failure to file her Amended Complaint on May 4, 2020 was due to excusable neglect and outlines the following facts.

Plaintiff's undersigned counsel at Pogust Millrood, LLC ("Pogust"), sent an email at 10:43 a.m., (EST) on May 4, 2020 to Plaintiff's local Utah counsel at Robert J. BeDry & Associates, asking that the attached Amended Complaint be timely filed that same day. Plaintiff's local Utah counsel confirmed receipt of the Amended Complaint and stated that the complaint would be timely filed. Plaintiff's undersigned counsel at Pogust sent a follow-up email at 2:52 p.m. (EST) seeking confirmation that the previous email and attached Amended Complaint had been received. At 6:41 p.m. (EST), a paralegal from Plaintiff's local Utah counsel responded and confirmed that the Complaint had been timely filed. *See* Exhibit "C". Attorney Nancy Mishmash's paralegal Lori Harper at Robert J. Debry & Associates believed that she filed the Amended Complaint through the electronic filing system for the District of Utah on May 4, 2020 at 4:29 p.m. (MST), and

7

confirmed to Pogust almost immediately after. *See* Exhibits "B" and "C". Ms. Mishmash attaches her declaration under oath confirming the events as outlined above. *See* Exhibit "A".

The Tenth Circuit has previously held that "[] the determination whether a party's neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004).While Plaintiff and her counsel acknowledge that an error was made resulting in the failure to file the Amended Complaint on May 4, 2020, she asserts that the error was harmless and excusable for the following reasons: 1) Plaintiff maintains that she has not delayed in seeking to file this motion to Amend the Complaint; 2) the Amended Complaint will not prejudice any party; 3) denial of the Amended Complaint will prejudice Plaintiff; and 4) the Motion for an extension of time is not made in bad faith. When taking into account all of the facts that lead to the failure to file the Amended Complaint, and the lack of prejudice to the opposing party, it is clear that Plaintiff's inadvertent error was administrative, unintentional and should be deemed excusable neglect.

### a. Plaintiff has not Delayed in Seeking to Amend the Complaint

Additionally, leave should be granted because Plaintiff has not delayed in seeking additional time to amend her Complaint. As discussed above, Plaintiff and her counsel were unaware of the mistake until the status conference call on May 26, 2020, where it became clear that a copy of the Amended Complaint had not been fully submitted to the Court through electronic filing. Almost immediately, Plaintiff's counsel began digging into how it was that the Amended Complaint was not filed, as had been believed. It was through this discovery that Plaintiff's counsel realized an administrative error at the final step of filing. Plaintiff's counsel then reached

out to counsel for Defendants to discuss the omission and seek a resolution. Plaintiff's counsel proposed that the appropriate motion would fall under Fed.Rule.Civ.Pro 6(b)(1)(B) and would be appropriate under the circumstances. Counsel for Defendants agreed to not oppose the motion, allowing Plaintiff to file this motion unopposed. While Plaintiff acknowledges that the Amended Complaint is approximately 23 days late, she asserts that she began drafting the instant motion almost immediately upon learning of the error and failure to timely file. For these reasons, Plaintiff believes that she has not delayed in seeking leave to file the Amended Complaint.

### b. Plaintiff's Amended Complaint Will Not Prejudice Any Party and Her Amended Complaint is Not Made in Bad Faith

Granting Plaintiff's Motion for additional time to file her Amended Complaint will not prejudice Defendants. In considering whether excusable neglect exists, and whether it is offset by prejudice to the nonmoving party, a district court must consider the following, "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); *Consejo de Desarrollo Economico de Mexicali v. United States*, 438 F. Supp. 2d 1207, 1224 (D. Nev. 2006).

Here, allowing Plaintiff to amend her complaint to more fully plead her allegations against Defendants would not significantly prejudice Defendants because Defendants are already on notice of the allegations in the complaint and discovery has not yet occurred. Plaintiff is not adding new parties or claims, but instead is more clearly defining her claims against Defendants. Moreover, this claim is still in the beginning stages of discovery, no depositions have been taken, and no

discovery has been exchanged.[1] Under these circumstances, no prejudice would result from an amendment to the complaint.

Further, permitting Plaintiff's Amended Complaint, *nunc pro tunc* is not prejudicial because Plaintiff is not seeking the extension of time in bad faith. Plaintiff is seeking to file the Amended Complaint at the beginning of the discovery period which will not delay or cause any significant deadline changes. Further, Plaintiff's Amended Complaint is not frivolous or futile. Instead, Plaintiff's Amended Complaint is intended to further develop allegations that were previously plead to better allow the Court to decide this matter on the merits. *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *Hassan v. Allen*, No. 97-4005, 1998 U.S. App. LEXIS 13583, at *13 (10th Cir. June 24, 1998).

### c. Denying the Motion for Additional Time to File the Amended Complaint would be Detrimental to Plaintiff.

Plaintiff maintains that the Cooper Defendants are proper parties to this litigation. Plaintiff originally filed her Motion in Opposition to Defendants Motion for Judgment on the Pleadings with the intent to keep the Cooper Defendants in this case. Plaintiff began drafting the Amended Complaint shortly after this Honorable Court's April 13, 2020 Order granting Plaintiff twenty days to file the Amended Complaint. It was Plaintiffs intention to file the Amended Complaint on May 4, 2020. *See* Exhibit "C". While Plaintiff's counsel acknowledges that the administrative error and inadvertent failure to file the Amended Complaint on May 4, 2020, is completely uncharacteristic of counsel and not representative of Plaintiff's intent, Plaintiff does believe that not being permitted time to file the Amended Complaint would be detrimental to her claim. As outlined in

---

[1] Aside from the very limited discovery that was conducted in the Eastern District Court of Pennsylvania for the limited matters of remand and venue.

her Motion in Opposition to Defendants Motion for Judgment on The Pleadings, Plaintiff believes that at this juncture it is unclear what roles each Defendant plays in this matter. Further, it would be detrimental to omit the Cooper Defendants at this stage only to discover that they are proper parties once discovery is underway.

For these reasons Plaintiff believes that it would be prejudicial to her claim should she not be permitted additional time to file the Amended Complaint.

## IV. CONCLUSION

Wherefore, Plaintiff moves this Honorable Court to allow for the filing of her Amended Complaint, *nunc pro tunc*, pursuant to Fed. R. Civ. P. 6(b)(1)(B) and for the reasons more fully enumerated respectfully requests that her Motion be granted.

Dated: May 27, 2020          By:     /s/ Kara D. Hill

Tobias Millrood, Esquire
Kara D. Hill, Esquire
POGUST MILLROOD, LLC
161 Washington Street, Suite 940
Conshohocken, PA  19428
tmillrood@pogustmillrood.com
khill@pogustmillrood.com
610-941-4204

Tim Clark, Esquire
Lauren Welling, Esquire
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Phone:  516-741-5600
Fax:  516-741-0128

*Attorneys*

11

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Motion to File Amended Complaint, *Nunc Pro Tunc*, was electronically filed with the Clerk of the U.S. District Court, District of Utah, using the CM/ECF system.

Dated: May 27, 2020          By:     /s/ Kara D. Hill

                                    Tobias Millrood, Esquire
Kara D. Hill, Esquire
POGUST MILLROOD, LLC
161 Washington Street, Suite 940
Conshohocken, PA  19428
tmillrood@pogustmillrood.com
khill@pogustmillrood.com
610-941-4204

*Attorneys for Plaintiff*